Thomas H. Fisher and Chester Bowles, Administrator,
Plaintiffs, v. Michigan Square Building Corpora-
tion et al., Defendants.
Thomas H. Fisher, Appellant, v. Michigan Square
Building Corporation et al., Appellees.

Gen. No. 43,594.

Opinion filed February 28, 1946. Rehearing denied
March 26, 1946. Released for publication March 26, 1946.

See also case reported on p. 143, ante.

NORMAN CRAWFORD, of Chicago, for appellant.

SCOTT, MACLEISH & FALK, of Chicago, for appellees;
CRANSTON SPRAY and ROBERT S. CUSHMAN, both of Chi-
cago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the
court.

An appeal from an order discharging certain re-
spondents appellees from a rule to show cause why
they should not be punished for contempt of court for
alleged violation of a permanent injunction.

We have this day filed an opinion in the case of
*Thomas H. Fisher and Chester Bowles, Administrator,
Office of Price Administration, Intervenor, v. Michi-*

*gan Square Building Corporation, an Illinois corpora-tion,* 328 Ill. App. 143, in which proceeding Fisher filed a complaint seeking a preliminary and permanent injunction to recover possession of certain space in the Michigan Square Building from which he had been evicted on August 11, 1945, by the defendant, Michigan Square Building Corporation, the owner of the property. On September 14, 1945, the chancellor, after a hearing, entered a permanent injunction order ordering defendant to restore possession of the premises to Fisher and permanently enjoining defendant, its agents, servants, etc., from directly or indirectly evicting, threatening or attempting to evict by exclusion from possession, elimination or decrease of essential services, or otherwise, Fisher from said premises. The defendant *perfected* an appeal from that order. While the appeal was pending Fisher filed in the original proceeding a verified petition, in which he alleged that *while he was in possession of the premises on September 19, 1945,* the respondent Michigan Square Building Corporation and its agents, in order to bar him from continuing to exercise his possession of the premises, committed certain acts that violated the permanent injunction entered on September 14, 1945, and he prayed that the respondents be ruled to appear and show cause why they should not be adjudged guilty of contempt for violation of the permanent injunction. After the Building Corporation and certain other respondents had answered, there was a hearing before Judge FEINBERG, who entered the original order, and an order was entered on September 27, 1945, purging all of the respondents of the alleged contempt and discharging the rule as to each of them. Fisher, alone, appeals from that order. Chester Bowles, Administrator, Office of Price Administration, who intervened in the original proceeding, refused to take any part in the contempt proceeding and he has not appealed from the instant order. The following is the decision

rendered by Judge FEINBERG in the contempt proceeding:

"The Court: This hearing is upon a rule to show cause why certain respondents named here should not be held in contempt and punished accordingly, for allegedly violating the injunction issued by this Court.

"The decree entered in this case found that the co-complainant Fisher was illegally evicted from the housing accommodations used by him on the tenth floor of this building in question. There was a controversy between the tenant and the landlord and the tenant saw fit to submit that controversy to a court of competent jurisdiction for adjudication.

"Having submitted the matter to the Court, it must be assumed that he wants to abide by all the orderly processes of the court, the same as he expects of the defendant. It would be anomalous to ask a court of equity to assist him in his controversy and then refuse to follow the orderly processes of the court, having obtained his relief.

"The Court granted him an injunction, a mandatory injunction, that directed the defendant to restore him to possession. And it is admitted by the complainant Fisher that an appeal from that portion of the injunction or an appeal from that decree and a bond filed acts as a supersedeas and stays the mandatory portion of the injunction. That was clearly admitted and is admitted here today.

"On the application for the rule to show cause the Court heard arguments, and it was clearly the position of the complainant Fisher, coincided in by this Court, that if he obtains possession legally of the space in question after the issuance of the injunction, then the prohibitory portion of the injunction could be enforced, notwithstanding the appeal. And that is the law.

"The facts clearly here disclose, both by the evidence of the plaintiff Fisher and the other witnesses.

so far heard, that he obtained access to the space on the 19th of September, after the injunction had been issued, by a trick or device and subterfuge. It is as patent as it can be, that plaintiff Fisher in his own way decided to enforce the injunction—I mean the mandatory part of the injunction, a subject clearly for the Court and not for the plaintiff.

"And he can't do indirectly what the law would prohibit him from doing directly, by trying to enforce that mandatory provision of the injunction to restore him to possession during the appeal by getting possession by any trick or device or subterfuge. And it is asking this Court, a court of equity and a court of conscience, to assist him in carrying out the device or trick or subterfuge by which he again gained access to the space in question.

"He asked to be permitted to go into this space on the 19th of September. It was arranged so that he might remove articles in the space, left there since the 11th of August, and to make a list of what was in there. Having obtained permission upon that limited request, having succeeded in luring the defendant to admit him to the space, and upon pretense of taking a list, there followed him into the space two high sounding titled gentlemen, each calling themselves a custodian of a court. They had not acted under any process of any court, they have no legal or official standing, and by the pretended use of a star which was exhibited and the euphonious title of custodian of a court, they confronted the manager of the building with the asserted right to stay there.

"That purpose was never revealed to the respondents here when permission was asked to go in there to remove such articles as he cared to belonging to him or for the purpose of making a list. It was clear deception, as clear as can be, as clear as crystal. And if the plaintiff Fisher seeks to pursue his rights in that fashion, by deception, trick or device, this Court

can not be used by him to aid him, by means of contempt proceedings or punishment for contempt for alleged violation of this injunction.

"Had they been willing to give him possession and once having obtained possession the prohibitory part of the injunction could be enforced here, notwithstanding the appeal, but they at no time consented to give him possession, never intended to give it to him, and clearly throughout, their attitude and actions have indicated they have no desire to let him into possession there. That they were imposed upon is clearly shown here by the evidence and is as obvious as it can be, and no court of equity is going to be used, at least not this Court, in helping to carry out such deception.

"The dignity of the Court is to be maintained at all costs, and it is a matter clearly addressed to this Court and to its sound discretion as to whether these circumstances shown in this case are such as to affront the dignity of the Court.

"In issuing this injunction and in its purpose to sustain it, it is not a private matter for the litigants, it is the Court's dignity that is claimed was offended, the dignity that accompanies the issuance of an injunction. This Court lacks no courage to enforce its own orders.

"The Court will not be a party to any such deception, trick or device. If this tenant thinks he is entitled to go in there by breaking locks and if he thinks the law supports him in that procedure, if he thinks he has a right to go into the space by force and possess himself that way and he cares to risk the results of it, that is his affair, something that this Court has nothing to do with.

"This defendant has clearly indicated it will not obey this injunction so far as the mandatory part is concerned, while the appeal is pending. If it cares to speculate on the result of an appeal the question will arise later as to whether they have violated the

mandatory part of the injunction and what the penalty will be for that. That is their business, that is their affair. They have a right to the appeal, the appeal was taken and this Court is going to respect it.

"The rule to show cause will be discharged against all the respondents."

The action of the trial court in discharging the rule against the respondents was fully justified by the evidence, and the strictures upon the conduct of Fisher, an attorney at law, by the trial court were certainly none too strong. It is not surprising that Chester Bowles, Administrator, etc., refused to join in the contempt proceedings and has not appealed from the instant judgment order. The defendant Michigan Square Building Corporation evicted Fisher from possession of the premises on August 11, 1945. The evidence clearly shows a brazen attempt by Fisher to evade the effect of the supersedeas in the original proceeding. He hired and paid men to impersonate court custodians; he obtained entrance to the premises by false pretenses. He introduced the said men as court custodians and, against the protests of the agents of the Building Corporation, he seized and retained possession of the premises practically by a display of force. That he should have the temerity, after his lawless conduct, to bring contempt proceedings against the defendant corporation and its representatives, is hard to believe, especially in view of the fact that in the original proceedings he sought the aid of equity to restore to him possession of the premises and he obtained that aid. It is a reasonable assumption from the evidence that he commenced the instant contempt proceedings in order to forestall contempt proceedings against himself.

Fisher's main point, as we understand it, is that the supersedeas in the original case did not stay or affect the "prohibitory provisions of Paragraph 2" of the permanent injunction; that all that he seeks is

the enforcement of the prohibitory provisions of paragraph 2 of the permanent injunction, and that, despite the supersedeas, he "had the unrestricted right to reacquire sole and actual possession of his housing accommodations, either by the use of force or by peaceable means." Paragraphs 2 and 3 of the judgment order in the original case read as follows:

"2. That the defendant, Michigan Square Building Corporation, its agents, servants, employees, attorneys and all other persons in active concert or participation with it be, and they are hereby, permanently enjoined from directly or indirectly evicting, threatening or attempting to evict by exclusion from possession, elimination or decrease of essential services, or otherwise the plaintiff, Thomas H. Fisher, tenant of the housing accommodations described as the north end of the tenth floor of the building known as the Michigan Square Building located at 540 North Michigan Avenue, Chicago, Illinois, in violation of or in any way contrary to the provisions of the Rent Regulation for Housing.

"3. The defendant, Michigan Square Building Corporation, be and it is hereby ordered and directed forthwith to restore the above-named Thomas H. Fisher, tenant, to possession of the housing accommodations formerly occupied by said tenant as heretofore described and to restore all the property of said Thomas H. Fisher to said premises which said defendant has removed therefrom."

When the judgment order in the original case was entered Fisher was not in possession of the premises. Paragraph 3 should have preceded paragraph 2 in the permanent injunction order, as the provisions of paragraph 2 would not become effective until the possession of the premises had been restored to Fisher. The injunction in the original suit was mandatory in character and its enforcement by contempt proceedings or any other proceedings was stayed by the per-

fected appeal, which operated as a supersedeas. We are unable to understand the argument that the provisions of paragraph 2 justified Fisher's method of obtaining possession of the premises. His contention that in spite of the perfected appeal he had a right to seize possession of the premises by the use of force or by peaceable means, is without the slightest merit, and the cases cited by him in support of this contention have no application to the instant situation. His argument that to deny him that right would be to deny him the protection of the Emergency Price Control Act of 1942 as amended is more ingenious than persuasive. It is clear that the Administrator does not agree with this argument.

Fisher makes the surprising statement that "the Michigan Square Building Corporation, defendant appellee, as owner of the Michigan Square Building, was never in *actual* possession of the housing accommodations in this case." In the original proceeding Fisher based his right of action upon the fact that the Michigan Square Building Corporation had obtained actual possession of the premises by evicting him, and the decree in the original case so found.

We find no merit in several other contentions raised by Fisher.

The judgment order of the Circuit court of Cook county is affirmed.

*Judgment order affirmed.*

FRIEND, P. J., and SULLIVAN, J., concur.